FILED'07 JUL 16 11:07 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, et al., | ) ) ) | Civil No. 06-1604-CL |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) | |
| UNITED STATES FOREST SERVICE, | ) ) | |
| Defendant. | ) ) | |

**PANNER, Judge.**

On May 21, 2007, Magistrate Judge Clarke filed his Report and Recommendation. Defendant timely filed objections. The matter is now before me for *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). I have reviewed the report and find no error.

The Magistrate Judge recommended granting Plaintiffs' Motion for Leave to File a Second Amended Complaint. I adopt that recommendation.

The Magistrate Judge also recommended denying a motion that Defendant styled as seeking "Judgment on the Pleadings."[1]

---

[1] This characterization is doubtful. The motion purports to be based solely on the pleadings, yet Defendant filed various documents in support of the motion. Some were not mentioned in the Complaint, or even in the administrative record.

1 - ORDER

A.  **Whether the matter is properly before the court.** One duty imposed by National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, *et seq.*, is that an agency must supplement its prior environmental review if "[t]here are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts." 40 C.F.R. § 1502.9(c)(1)(ii). An agency's refusal to conduct supplemental environmental analysis is reviewable by a district court, whether that refusal is characterized as a final agency action or as a failure to act. Plaintiffs have pled both theories.

Plaintiffs also cite an April 28, 2005 document in which the agency made a five-page "summary of changes made to the project and of new information obtained since the decision was made with a finding that these changes are not significant," hence "no additional NEPA analysis is needed and the Low Meadow Timber Sale may be released immediately." This tends to confirm there is a final agency action or decision.

The Magistrate Judge concluded the matter is properly before the court. I agree.

B.  **Whether any "major federal action" remains.** The duty to supplement is not applicable unless "there remains major federal action to occur." <u>Norton v. Southern Utah Wilderness Alliance (SUWA)</u>, 542 U.S. 55, 73 (2004). The Forest Service contends the only "federal action" occurred over a decade ago, when the agency first authorized the project and first awarded the sale. That is incorrect.

The timber sale contract was awarded in 1997, but no logging occurred. Various injunctions or other events then intervened.

2 - ORDER

The April 28, 2005 memo implies the sale had not yet been "released" by the Forest Service. Even now, the Forest Service retains the right to rescind or modify the sale based on environmental concerns. See 36 C.F.R. §§ 223.113 and 223.116(a)(5); Oregon Natural Resources Council Action v. United States Forest Service, 445 F. Supp. 2d 1211, 1220 (D. Or. 2006).

Furthermore, Plaintiffs have alleged--and for purposes of this motion the court must assume--that the stated objective of the project was not timber production, but meadow restoration. The timber sale was just one of several steps to achieve that goal. It does not follow that the federal action ended when a contract was let. The meadow restoration project is federal action, being undertaken at the behest of a federal agency. If such project no longer is appropriate, the agency must re-evaluate the situation and, if necessary, alter course. See Marsh v. Oregon Natural Resources Council, 490 U.S. 360, 373 (1989).

The Magistrate Judge correctly concluded that neither SUWA, 542 U.S. 55, nor Cold Mountain v. Garber, 375 F.3d 884, 894 (9th Cir. 2004), is on point. Instead, the present case is closer to the partly-completed dam in Marsh.

As in Marsh, the meadow restoration project (and logging activities) are incomplete. In fact, they haven't even started. Marsh cannot be distinguished based on whether the Corps itself was performing certain construction tasks, or whether it had contracted out those tasks to a third party. It was still the Corps' project that was being undertaken--construction of a dam--and the agency had the choice of either completing the project or

3 - ORDER

halting construction. To be sure, the agency might have to pay some damages, if it breached a contract, but that's no different than if a person hires a contractor to build an addition to his house but decides not to proceed with it.

A case closely on point is <u>Sierra Club v. Bosworth</u>, 465 F. Supp. 2d 931 (N.D. Calif. 2006), which held that a major federal action remained notwithstanding the agency had already awarded the timber sale contract.

Plaintiffs also point to the Forest Service's own Handbook, which states that the agency will:

> Review the environmental documentation of actions that are awaiting implementation and those of ongoing programs or projects at least every 3 to 5 years to determine if the environmental analysis and documentation should be corrected, supplemented, or revised.

57 Fed. Reg. 43180, 43199 (Sept. 18, 1992). That is what the April 28, 2005 document purports to do, evaluating whether the subsequent events were significant enough to require "additional NEPA analysis" or whether "the Low Meadow Timber Sale may be released immediately."[2]

The Magistrate Judge correctly concluded that "major federal action" remains, and the requirements of NEPA still apply. Whether Defendant has violated those requirements is another matter, but that question is for another day.

C. **Whether the 6-year statute of limitations bars the claims.** This argument relies on the premise that any claim arose

---

[2] The government argues the Handbook is not binding. It is not necessary to decide that question here. It undisputed that 40 C.F.R. § 1502.9(c)(1)(ii) is binding.

4 - ORDER

in 1997. Plaintiffs are not challenging the 1997 decision, per se, but rather the failure to perform supplemental environmental analysis. Because the duty to supplement the EA did not arise until the new events occurred--nor was it possible to bring an action on that theory until then--the action is timely.

## Conclusion

Judge Clarke's Report and Recommendation (# 42) is adopted. Plaintiffs' Motion (# 25) for Leave to File a Second Amended Complaint is granted. Defendant's Motion (# 16) for Judgment on the Pleadings is denied.

IT IS SO ORDERED.

DATED this __16__ day of July, 2007.

                                      Owen M. Panner
                                      United States District Judge