FILED'08 MAR 31 08:06USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, et al., | ) ) ) | Civil No. 06-1604-CL |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) | |
| UNITED STATES FOREST SERVICE, | ) ) | |
| Defendant. | ) ) ) | |

**PANNER, Judge.**

Plaintiffs bring this action seeking to stop the United States Forest Service from proceeding with a 150 acre timber sale and meadow restoration project. 118 acres will be clear cut. On the other 32 acres, some trees greater than 40 inches in diameter will be retained.

The Forest Service approved the project in 1996, and revised the environmental documentation in 1997. A contract was let in 1997, but expired in 2001 without the timber being cut. A new contract was issued in 2005. Plaintiffs challenge that action.

Plaintiffs contend much has changed in the intervening decade, hence the agency must prepare a supplemental Environmental Assessment ("EA") addressing the intervening events. The original EA assumed certain lands would remain

available to the spotted owl, but the Biscuit Fire changed that.
Other events cited by Plaintiffs include the barred owl
displacing the spotted owl, the threat allegedly posed to the
spotted owl by West Nile virus, and the impact upon owl habitat
of Sudden Oak Death Syndrome.

On November 20, 2007, Magistrate Judge Clarke issued his
Report and Recommendation, which recommends granting summary
judgment for defendants.  Plaintiffs filed objections.  The
matter is now before me for *de novo* review pursuant to 28 U.S.C.
§ 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

Plaintiffs correctly note that <u>Department of Transportation
v. Public Citizen</u>, 541 U.S. 752 (2004), is not on point.  The
issue here is not whether the Forest Service has the ability or
authority to control the barred owl, West Nile virus, Sudden Oak
Death Syndrome, or the Biscuit Fire, or whether the proposed
project "causes" those diseases or events.  Rather, the issue
here is whether the original agency decision relied on certain
assumptions regarding availability of other spotted owl habitat
and the overall health of the species, that may no longer be
valid and whether the project may thus contribute to the spotted
owl's travails.  Even now, the Forest Service retains the
authority to rescind or modify the sale based on environmental
concerns, or to delay the project for additional environmental
review.  <u>See</u> 36 C.F.R. §§ 223.113 and 223.116(a)(5); <u>Oregon
Natural Resources Council Action v. United States Forest Service</u>,
445 F. Supp. 2d 1211, 1220 (D. Or. 2006).  Therefore, <u>Public
Citizen</u> is inapposite.

Nevertheless, I agree with Judge Clarke's ultimate conclusion.  The agency's decision to proceed with this particular project, without undertaking a site-specific Supplemental Environmental Assessment, was not arbitrary and capricious.

## Conclusion

Judge Clarke's Report and Recommendation (# 81) is adopted, with the one minor change noted above.  Plaintiffs' Motion (# 58) for Summary Judgment is denied.  Defendants' motions (# 64, 67) for summary judgment are granted.  The Survey and Manage claim is moot.  Judgment on the remaining claims is for defendants.

IT IS SO ORDERED.

DATED this 31st day of March, 2008.

Owen M. Panner
United States District Judge